UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| ROBERT D. STRAIN, et al., | ) |
| | ) Case No. 1:08-cv-01364 |
| Plaintiffs, | ) |
| | ) Honorable Dan Polster |
| v. | ) |
| | ) **ORDER** |
| STERIS CORPORATION, et al. | ) |
| | ) |
| Defendants. | ) |

Based upon the submissions of the parties and all proceedings herein, it is ordered that:

1. The parties' proposed class action settlement, the terms of which are included in the Settlement Agreement dated March 5, 2009 among plaintiffs Robert Strain, Robert Gourley, Joseph Kempisty, William McGavisk, Charles Piano, Dale Sonney and Alderic Nathal, and defendants STERIS Corporation and American Sterilizer Company (R. 19, Ex. A), is approved in its entirety as fair, reasonable and adequate pursuant to Fed. R. Civ. P. 23(e).

2. The Class is defined as:

All persons who (i) are former employees of the American Sterilizer Company ("AMSCO") or STERIS Corporation ("STERIS"), (ii) were subject to any collective bargaining agreement covering employees of any STERIS or AMSCO operation in Erie, Pennsylvania at the time their employment with AMSCO or STERIS terminated, and (iii) were receiving retiree medical and prescription drug benefits provided by or through STERIS or AMSCO on June 30, 2008; and all persons who are spouses and/or other dependents of persons described in (i) through (iii) above and who as of June 30, 2008 were receiving retiree medical and prescription drug benefits or subsequently became eligible to receive such benefits pursuant to the terms of the plans under which such benefits were provided.

3. The Class meets the requirements of Fed. R. Civ. P. 23(a) and (b)(2). Class Counsel and the Class Representatives adequately represent the Class Members.

4. The Class Members received adequate notice of the settlement pursuant to Fed. R. Civ. P. 23(e)(1).

5. The Settlement Agreement is binding upon STERIS, AMSCO and all Class Members.

6. The Court approves Defendants' payment of Class Counsel's reasonable attorney fees and expenses (R. 21) as provided by Section 14(a) of the Settlement Agreement.

7. This case is dismissed with prejudice.

8. The Court retains exclusive jurisdiction, pursuant to Section 9 of the Settlement Agreement, to resolve any disputes relating to, arising out of or in connection with the enforcement, interpretation or implementation of the Settlement Agreement.

_____
Dan Aaron Polster
United States District Judge